# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARC SMITH, *et al.*,

        Plaintiffs,

v.

CITY OF WELLSVILLE, KANSAS, *et al.*,

        Defendants.

Case No.: 19-2431-CM-KGG

## MEMORANDUM & ORDER ON MOTION TO STAY

Now before the Court is the Motion to Stay Discovery (Doc. 14) filed by Defendants City of Wellsville, William Lytle, and Darien Kerr (hereinafter "the City Defendants"). Having reviewed the submissions of the parties, Defendants' motion (Doc. 14) is **GRANTED** for the reasons set forth below.

## FACTUAL BACKGROUND

In the present action, Plaintiffs bring claims against the City Defendants for violations of their constitutional rights under 42 U.S.C. § 1983. Plaintiffs also assert a *Monell* claim against these Defendants as well as supplemental state law claims for violations of the Kansas Consumer Protection Act, tortious interference under Kansas law, and inverse condemnation under Kansas law. In addition,

1

Plaintiffs bring a declaratory judgment action against the remaining individual Defendants.

The City Defendants move this Court for an Order staying discovery pending the resolution of their Motion to Dismiss (Doc. 12), which is currently pending before the District Court. In that dispositive motion, the City Defendants argue they are entitled to qualified immunity. The City Defendants contend "[a] resolution of the qualified immunity defense favorable to the individual City Defendants results in a resolution of all federal claims made against the City Defendants." (Doc. 20, at 3.) Thus, if granted, their pending Motion to Dismiss "will conclude the litigation as to the City Defendants." (*Id.*, at 1.)

## **ANALYSIS**

"The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court." **Toney v. Harrod**, No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *1 (D. Kan. Nov. 7, 2018) (citing **Pet Milk Co. v. Ritter**, 323 F.2d 586, 588 (10th Cir. 1963); **McCoy v. U.S.**, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)). That stated, Tenth Circuit has concluded that "the right to proceed in court should not be denied except under the most extreme circumstances." **Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.**, 713 F.2d 1477, 1484 (10th Cir. 1983). Thus, the District of

Kansas generally does not favor staying discovery pending a ruling on a dispositive motion.  *McCoy*, 2007 WL 2071770, at *2.

Even so, "a stay pending a ruling on a dispositive motion is appropriate where the case is likely to be finally concluded as a result of the ruling, where the facts sought through the remaining discovery would not affect the ruling on the pending motion, or where discovery on all issues in the case would be wasteful and burdensome."  *Toney*, 2018 WL 5830398, at *1.  *See also* ***Citizens for Objective Public Educ. Inc. v. Kansas State Bd. of Educ.***, No. 13-4119–KHV, 2013 WL 6728323, *1 (D. Kan. Dec.19, 2013); *see also* ***Kutilek v. Gannon***, 132 F.R.D. 296, 297–98 (D. Kan. 1990).  Also, a stay is appropriate when the party requesting it has filed a dispositive motion asserting absolute or qualified immunity.  *Id.*, at *2.

As discussed above, there is a motion pending before the District Court in which Defendants argue that Plaintiffs' Complaint should be dismissed based on Defendants' qualified immunity.  (*See* Docs. 12.)  Plaintiffs argue that "the case will not be finally concluded via the dispositive motion" because although the City Defendants have moved to dismiss the action, the remaining individual Defendants have not moved to dismiss and have not "responded to the Complaint in any manner."  (Doc. 18, at 3.)  Plaintiffs thus argue that "[b]ecause the case will not be finally concluded via the dispositive motion, a stay of discovery is not appropriate."  (*Id.*)

Plaintiffs also argue that because the City Defendants have attached exhibits to their Motion to Dismiss, that motion must be converted into a motion for summary judgment pursuant to Fed.R.Civ.P. 56. (*Id*.) As such, Plaintiffs contend they "should have a reasonable opportunity to conduct discovery in order to properly respond," making a stay inappropriate. (*Id*.) Defendants reply that "[t]he District Court has not yet made a determination as to whether the Motion should be converted and may certainly choose to ignore the exhibits at the appropriate time." (Doc. 20, at 2.) Defendants point out that "virtually all of the exhibits attached to the City Defendants' Motion were generated by counsel for the Smiths with the exception of Minutes from a City Commission meeting which, too, may be ignored."[1] (*Id*.) Defendants also argue that "because [Plaintiffs] have filed a Motion for Default Judgment as to the Neighbor Defendants [Doc. 16], there is the potential for a complete resolution if default is taken." (*Id*., at 1.)

It is well-established in this District that "when immunity is asserted by dispositive motion, a stay of discovery is appropriate pending a ruling on the immunity issue." **Garrett's Worldwide Enterprises, LLC, et al. v. U.S.**, No. 14-2281-JTM, 2014 WL 7071713, at *1 (D. Kan. Dec. 12, 2014). While limited circumstances exist in which discovery may be permitted on narrowly tailored

---

[1] The Court anticipates that the District Court will ignore the exhibits and treat the motion as a motion to dismiss.

issues after the defense of qualified immunity is raised, the fact remains that "plaintiff bears the burden of demonstrating 'how [such] discovery will raise a genuine fact issue as to defendant's qualified immunity claim.'" *Martin v. County of Santa Fe*, 626 Fed. Appx. 736, 740 (10th Cir. 2015) (quoting *Cole v. Ruidoso Mun. Sch.*, 43 F. 3d 1373, 1387 (10th Cir. 1994)).

Plaintiffs have made no effort to meet this burden. Rather, Plaintiffs merely "question Defendants' claim that moving forward with discovery while the dispositive motion is pending will be wasteful." (Doc. 18, at 3.) Further, Plaintiff's contend that discovery should continue because "[t]he parties will need to develop the factual record as the case proceeds." (*Id*.) Should the motion to dismiss be granted on qualified immunity grounds, however, the parties will <u>not</u> need to develop the factual record as to the City Defendants.

As such, Defendants' Motion to Stay (Doc. 14) is **GRANTED** until the District Court rules on Defendants' dispositive motion.[2] In reaching this determination, the Court makes no inference or findings as to the potential validity of Defendants' qualified immunity defense.

---

[2] This Order will stay discovery, but will not impact the resolution of the pending Motion for Default Judgment.

**IT IS THEREFORE ORDERED** that the City Defendants' Motion to Stay (Doc. 14) is **GRANTED**.

IT IS SO ORDERED.

Dated this 21st day of October, 2019 at Wichita, Kansas.

 s/ Kenneth G. Gale
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE