# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARC S. SMITH, *et al.*,     )
                             )
        Plaintiffs,     )
                             )
v.                           )   Case No. 19-2431-CM-KGG
                             )
CITY OF WELLSVILLE, KANSAS, *et al.*, )
                             )
        Defendants.     )
_____)

## MEMORANDUM & ORDER ON
## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Now before the Court is Defendants' Motion for Protective Order. (Doc. 33.) For the reasons set forth below, the undersigned Magistrate Judge **GRANTS** Defendants' motion.

Plaintiffs filed their initial Complaint on July 25, 2019, stating claims against the City Defendants for violations of Plaintiffs' constitutional rights under 42 U.S.C. § 1983. Plaintiffs also asserted a ***Monell*** claim against these Defendants as well as supplemental state law claims for violations of the Kansas Consumer Protection Act, tortious interference under Kansas law, and inverse condemnation under Kansas law. In addition, Plaintiffs brought a declaratory judgment action against the remaining individual Defendants.

Defendants filed their Motion to Dismiss Plaintiffs' claims on September 23, 2019, wherein they argued that Plaintiffs' Complaint should be dismissed based on

1

Defendants' qualified immunity. (See Doc. 12.) Defendants contemporaneously filed their Motion to Stay Discovery (Doc. 14), which this Court granted on October 21, 2019, staying discovery until the District Court ruled on the dispositive motion. (Doc. 23.)

Plaintiffs filed their Motion to Amend Complaint (Doc. 30) on December 12, 2019, alleging "newly discovered" facts regarding an alleged conflict between Defendants City and Scott Sparks. On the same day, Plaintiffs served an Open Records Request by email to the Defendant City. (Doc. 34-1.)

The next day, December 13, 2019, the District Court entered a text Order denying without prejudice the City's Motion to Dismiss pending a ruling on Plaintiffs' Motion to Amend. (*See* 12/13/19 text Order.) The Order stated that this was done "[t]o promote efficiency and to avoid having the motion to dismiss intertwined with the motion to amend to a degree that complicates the procedural posture of the case unnecessarily … ." (*Id.*) The District Court continued that

> [a]fter the motion to amend is resolved, defendants may file a new motion to dismiss with respect to the operative complaint, if appropriate. If the content of a new motion to dismiss is largely the same as the current motion to dismiss (to which plaintiffs have already responded), defendants may so notify the court and request expedited briefing.

2

(*Id.*) Thereafter, the parties exchanged various communications in which Defendants requested, and Plaintiffs refused, that the request be withdrawn because of the Order staying discovery.

Defendants filed the present motion requesting the Court enter a Protective Order regarding the Open Records Request. (Doc. 33.) They argue that Plaintiffs' records request is nothing more than an "end around" the Court's Order staying discovery. (Doc. 34, at 4; *see also* **Lowe v. N.M. ex rel. King**, 2011 WL 13284675 (D. N.M. Oct. 3, 2011).)

Plaintiffs respond that the undersigned Magistrate Judge "entered an order granting City Defendants' motion *until the District Court rules on Defendants' dispositive motion*." (Doc. 35, at 1 (emphasis in original).) Plaintiffs continue that the "Stay Order is now moot after the Court denied Defendants' dispositive motion." (*Id.*, at 2.)

The Court agrees that the dispositive motion that resulted in the entry of the stay is no longer pending. That stated, both the District Court (in denying the dispositive motion without prejudice) and the undersigned Magistrate Judge (in granting Plaintiffs' request to amend the Complaint) anticipated that Defendants would file a new dispositive motion regarding the Amended Complaint. (*See* 12/13/19 text entry and Doc. 39.) Further, the records request was served when the stay was still in effect.

The Court finds that allowing Plaintiff to conduct an Open Records Request to a <u>party Defendant</u> during this window created by a hyper-technical application of the Federal Rules would defeat the purpose and spirit of the Court granting the initial stay. Obviously, if Defendants file an Answer rather than move to dismiss Plaintiff's Amended Complaint, the parties will be free to conduct discovery as they see fit after the Rule 26(f) conference occurs. *See* ***Gilpatrick v. Harper Co., Kansas***, 2019 WL 184102, *2-3 (D. Kan. Jan. 14, 2019).

As such, the Court **GRANTS** Defendants motion (Doc. 33) pending the filing of an additional dispositive motion by Defendants.[1] In reaching this determination, the Court makes no inference or findings as to the potential validity of Defendants' qualified immunity defense.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Protective Order (Doc. 33) is **GRANTED**.

IT IS SO ORDERED.

Dated at Wichita, Kansas, on this 6th day of February, 2020.

s/ KENNETH G. GALE  
KENNETH G. GALE  
United States Magistrate Judge

---

[1] The Court, however, **DENIES** Defendants' request for sanctions pursuant to Rule 37 as Defendants' brief provides no discussion of the issue. (Doc. 33, at 1.)