# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARC S. SMITH, *et al.*,               )
                                        )
        Plaintiffs,            )
                                        )
v.                                      )   Case No. 19-2431-JWB-KGG
                                        )
CITY OF WELLSVILLE, KANSAS,  )
*et al.*,                               )
                                        )
        Defendants.            )
_____ )

## **MEMORANDUM & ORDER ON MOTION TO AMEND**

Now before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 58), in order to substitute the Estate of Marc S. Smith for Plaintiff Marc S. Smith. Having reviewed the submissions of the parties, Plaintiff's motion is **DENIED** as a Rule 15 motion to amend but **GRANTED** as a Rule 25 motion to substitute, as more fully set forth herein.

## **FACTUAL BACKGROUND**

Currently-named Plaintiff Marc S. Smith died on November 23, 2019. Upon his death, his wife, Plaintiff Regina Smith, became "the owner of their residence and surrounding land and succeeded to all his interest in the Water Line, meter and account with the City." (Doc. 58, at 1.)

1

It is uncontested that an estate was opened for Marc S. Smith in Franklin County, Kansas, in July 2020.  It is also uncontested that Plaintiff Regina Smith (hereinafter "Mrs. Smith") was appointed Administrator and Special Administrator of that estate in August 2020.  Mrs. Smith argues that as Special Administrator, she is authorized to Substitute the Estate of Marc S. Smith in place of Marc S. Smith in this lawsuit pursuant to Letters of Special Administration issued by the Franklin County, Kansas District Court.  (Doc. 58, at 1.)  She brings the present motion seeking leave to file the proposed Second Amended Complaint to substitute the Estate of Marc S. Smith for her late husband.  (*Id*.)

## **ANALYSIS**

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . ." Fed.R.Civ.P. 15(a). The granting of an amendment is within the sound discretion of the court.  *See* **First City Bank, N.A., v. Air Capitol Aircraft Sales, Inc**., 820 F.2d 1127, 1132 (10th Cir. 1987).  The United States Supreme Court has, however, indicated that the provision "leave shall be freely given" is a "mandate . . . to be heeded."  **Foman v. Davis**, 371 U.S. 178, 182 (1962).  "In determining whether to grant leave to amend, this Court may consider such factors as undue delay, the moving party's bad faith or dilatory motive, the prejudice an amendment may

2

cause the opposing party, and the futility of amendment." *Id*., at 182; *see also Jarrett v. Sprint/United Mgmt. Co.*, No. 97–2487–EEO, 1998 WL 560008, at *1 (D. Kan. 1998).

Plaintiff contends that "[t]here is no undue prejudice to any party, as this case is still in the preliminary stages, discovery has yet to commence and City Defendants' motion to dismiss Plaintiff's First Amended Complaint is pending before the Court." (Doc. 58, at 2.) She also contends there is no bad faith or dilatory motive. (*Id*.)

Defendant responds that amending the Complaint is unnecessary because Plaintiff should instead request a substitution of parties pursuant to Fed.R.Civ.P. 25(a). (Doc. 66, at 2.) Subsection (a) of Rule 25 governs the substitution of parties in the event of death. The Rule states, in relevant part:

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> (2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.

3

Fed.R.Civ.P. 25(a)(1), (2).

Plaintiff correctly points out in her reply that Defendants "do not argue that Marc Smith's claims are extinguished or that Plaintiff on behalf of the Estate is an improper party to pursue decedent's claims." (Doc. 69, at 2.) Rather, Defendants merely "take issue with filing the amended pleading itself, not the purpose underlying the motion." (*Id.*)

Plaintiff's statements are correct. The Court, however, agrees with Defendants that a Rule 15 motion to amend is not the proper course for substituting an estate for a deceased party. A motion to substitute pursuant to Federal Rule 25 is clearly the correct procedure. That stated, the Court notes that there is no objection by Defendants to the underlying substitution. (*See generally* Doc. 66.) As such, the Court will treat Plaintiff's motion as a request to substitute a party pursuant to Rule 25 and **GRANT** the motion in this regard.

Because the Court is allowing the party to be substituted, it need not address the issue of futility. The Court notes that the underlying issues relating to the futility of Plaintiffs' claims will be addressed by the District Court in regard to Defendants' pending dispositive motion. (Doc. 43.)

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 58) is **GRANTED in part** and **DENIED in part**.

**IT IS SO ORDERED.**

Dated this 27th day of October, 2020, at Wichita, Kansas.

        S/ KENNETH G. GALE
        HON. KENNETH G. GALE
        U.S. MAGISTRATE JUDGE