IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARC S. SMITH and
REGINA SMITH,

   Plaintiffs,

v.                Case No. 19-2431-JWB

CITY OF WELLSVILLE, KANSAS, et al.

   Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiffs' motion for reconsideration. (Doc. 75.) The motion has been fully briefed and is ripe for decision. (Docs. 75, 79, 80, 84.) For the reasons stated herein, Plaintiffs' motion for reconsideration is DENIED.

**I. Background**

On November 19, 2020, this court entered an order granting Defendants' motion to dismiss. (Doc. 73.) The detailed background is set forth in that order and will not be restated here. Plaintiffs subsequently filed a motion for relief from judgment asserting this court should reconsider its order because:

> (1) ruling on the dispositive motion prior to Plaintiffs filing their Second Amended Complaint was a mistake; and (2) the Court did not accept the well-pleaded facts as true and draw all reasonable inferences in favor of Plaintiffs while considering matters outside of the First Amended Complaint (including the City Defendants' misrepresentations in their briefing) when ruling.

(Doc. 75 at 5.)

Plaintiffs' first assertion is based on the belief that a previous order from Magistrate Judge Gale conferred the right to file a second amended complaint alleging additional claims and factual

1

allegations. *See* (Doc. 75 at 7) ("The Second Amended Complaint contains additional claims necessitated by the realignment"). In his order, Judge Gale granted in part Plaintiffs' motion for realignment by finding "the Defendant Neighbors should be classified as Plaintiffs" in regard to the claims that "address the City's obligation to maintain or replace the water line." (Doc. 72 at 12.) He further instructed that the declaratory judgment claim against the Defendant Neighbors would now be considered a crossclaim by Plaintiffs. (*Id*.)

Second, in relation to their *Monell* claims, Plaintiffs assert this court "never analyzes whether failure to provide water main lines to Plaintiffs' property states an equal protection claim." (Doc. 75 at 9.) Plaintiffs argue this court did not accept the well-pleaded facts as true and draw all reasonable inferences their favor. (*Id*. at 10.) "Instead, the court allows the City Defendants to recast Plaintiffs' claims," thereby missing the gravamen of Plaintiffs' complaint and resulting in "the Court's one paragraph analysis of the equal protection claim [being] based on improper comparisons misstated by City Defendants." (*Id*.) Further, Plaintiffs' assert this court relied upon facts outside of the amended complaint by stating "that the City has offered to provide meters at cost to remedy" the situation in its constitutional taking analysis. (*Id*. at 10-11) ("Undoubtedly the Court is relying on another falsehood of City Defendants").

**II.    Standard of Review**

Because the court's order is a final judgment disposing of Plaintiffs' complaint, this motion is governed by Fed. R. Civ. P. 60. D. Kan. R. 7.3(a). Under Rule 60(b)(1), (3), and (6) a court may relieve a party from a final judgment for: "mistake, inadvertence, surprise, or excusable neglect"; "fraud . . . misrepresentation, or misconduct by an opposing party"; or "any other reason that justifies relief." Fed. R. Civ. P. Rule 60(b)(1), (3), and (6). A motion for reconsideration is

2

not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

## III. Discussion

### A. Amended Complaint

Plaintiffs have failed to identify a mistake by the court in ruling on Defendants' motion to dismiss before Plaintiffs filed a second amended complaint. Plaintiffs repeatedly claim they have been denied the right to follow Judge Gale's instruction to file a second amended complaint— containing additional claims and factual allegations. However, it appears Plaintiffs relied upon the caption of Judge Gale's order rather than the substance when formulating this theory. *See generally* (Doc. 84 at 3-5.) Nowhere in Judge Gale's order does he grant Plaintiffs leave to include additional facts or claims. Instead, the order simply reclassified Defendant Neighbors as plaintiffs on issues of discriminatory conduct and changed Plaintiffs' declaratory judgment claim into a crossclaim. (Doc. 72 at 12.)

There was no reason for the court to—for a second time—moot Defendants' motion to dismiss and force both parties to proceed on yet a third round of briefing the same substantive issues. For Plaintiffs and their counsel to claim otherwise borders on bad faith. Reviewing previous filings concerning the motion for realignment illustrates this point. Plaintiffs stated in their reply brief they are "not fashioning previously unasserted claims" under the guise of realignment. (Doc. 70 at 2.) Despite this representation, Plaintiffs now state that the "Second Amended Complaint contains additional claims necessitated by the realignment." (Doc. 75 at 7.) Undercutting Plaintiffs' assertion is the fact there was no proposed second amended complaint attached to Plaintiffs' motion for realignment. (Doc. 59.) This is because the proposed complaint

3

was attached to Plaintiffs' motion for leave to file a second amended complaint. (Doc. 58.)[1] In that motion to amend, Plaintiffs claimed they were "seeking only to substitute the Estate of Marc S. Smith into the lawsuit in place of her deceased husband." (Doc. 69.) However, Plaintiffs contradicted themselves in the very next paragraph by stating "there are dual purposes for filing the proposed Second Amended Complaint—to substitute the proper party into this action . . . and to include an additional claim of City misconduct."[2] (*Id.*) Judge Gale determined Rule 25, rather than Rule 15, was the proper authority for substitution and granted the motion only in that regard. (Doc. 71 at 4.) Importantly, Judge Gale acknowledged there was a pending motion to dismiss when he denied Plaintiffs' Rule 15 motion and noted that this court would decide issues relating to futility in deciding the then-pending motion to dismiss. (*Id.*)

Simply put, Plaintiffs' counsel—despite alleging misconduct by opposing counsel—is wrongfully asserting that Judge Gale's realignment order granted them leave to file an amended complaint containing additional claims and factual allegations. Further, Judge Gale's order granting in part Plaintiffs' second motion to amend only allowed Plaintiffs to substitute parties. (*Id.*) ("[T]he Court will treat Plaintiff's motion as a request to substitute a party pursuant to Rule 25 and GRANT the motion in this regard.") Plaintiffs had no right to file a second amended complaint with new claims and allegations and have wasted resources arguing otherwise. The court finds no mistake in regard to granting Defendants' motion to dismiss prior to Plaintiffs filing another amended complaint.

### B. Plaintiffs' Well-Pleaded Facts

---

[1] The motion for leave to amend (Doc. 58) was filed contemporaneously with Plaintiffs' motion for realignment (Doc. 59.)
[2] This additional claim, which was denied, now appears in the proposed second amended complaint that Plaintiffs have attached to the present motion. *Compare* (Doc. 58-1 at ¶50) *with* (Doc. 75-1 at ¶50.)

The court, in ruling on Defendants' motion to dismiss, accepted Plaintiffs' well-pleaded allegations as true and drew all reasonable inferences in their favor. First, as noted by the court in its order, Plaintiffs failed to allege any comparators. (Doc. 73 at 10.) When proceeding as a "class-of-one," alleging comparators is a requirement to state an equal protection claim. *Planned Parenthood Ass'n of Utah v. Herbert*, 828 F.3d 1245, 1253 (D. Kan. 2016). Plaintiffs simply stating otherwise in conclusory fashion with no supporting case law is not a reason to overturn the court's ruling. Second, Plaintiffs allege the City Defendants injected false information into their motion to dismiss. (Doc. 75 at 11) ("But the City has offered to provide meters at cost to remedy that situation"). However, this fact was taken from Plaintiffs' amended complaint. (Doc. 42 at 7 ¶31) ("[T]he Mayor announced … The City would sell the Defendant Neighbors city meters at the City's cost so they could attach them to Plaintiffs' Water Line.") The court finds no reason to reverse its order under Rule 60.

In light of Plaintiffs' vehement protests that the court is allowing the City Defendants to trample their rights, the court reminds Plaintiffs that this ruling does not foreclose a judicial resolution of this dispute. Instead, the court simply concludes that Plaintiffs have failed to adequately plead any federal claims. The court has offered no opinion on whether Plaintiffs might be able to secure relief in state court under state law.

**IV.  Conclusion**

Plaintiffs' motion for reconsideration (Doc. 75) is DENIED.

**IT IS SO ORDERED** this 22nd day of January, 2021.

        __s/ John W. Broomes_____
        JOHN W. BROOMES
        UNITED STATES DISTRICT JUDGE